E. T. RUSSELL v. THE STATE.

No. 13291.   Delivered April 23, 1930.
Rehearing denied May 28, 1930.
Reported in 28 S. W. (2d) 138.

The opinion states the case.

*Marshall & Stewart* of Lubbock, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

The alleged purchaser, Moore, testified positively that on Saturday afternoon, April 6, 1929, he saw appellant in the town of O'Donnell and made arrangements to purchase some whisky which appellant delivered to him on the road after witness started home and for which appellant was paid two dollars; that witness broke the bottle containing the whisky when he was about to be apprehended by an officer a few minutes after buying it.   Appellant and two witnesses gave evidence to the effect that at the time of the alleged sale he was in another county and did not return to O'Donnell until Sunday, the day after the sale is claimed to have occurred, The state introduced evidence of other parties than Moore that appellant was in O'Donnell on the Saturday in question.

The issue of alibi was properly submitted and the jury has decided it against appellant.   We see no reason to disturb their finding.

The only bills of exception in the record complain that the trial court excluded evidence which appellant expected to elicit from the alleged purchaser on cross-examination.   Each of the bills sets out the question to which objection was sustained, but neither of them

shows what the answer of the witness would have been. Manifestly the bills are incomplete. For authorities see Branch's Ann. Tex. P. C., Sec. 212, page 136, Note 31, Art. 667; Vernon's Ann. Cr. Statutes of Texas, C. C. P. Vol. 2, page 377.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—Appellant insists that this is a case on circumstantial evidence, and that the court erred in refusing to submit the case in his charge to the jury, on that theory. For this refusal the charge was excepted to.

Appellant was indicted for selling intoxicating liquor to Moore. Moore's testimony showed much familiarity with whisky. He swore repeatedly and positively that he arranged to buy whisky from appellant; that he did buy it from him and pay therefor. He said that later in meeting an officer he broke the bottle of whisky and spilled its contents, but that he smelled same. We quote from his testimony: "I did not touch this liquor I bought. I did not even uncork the bottle. I know it contained whisky. I know it was whisky. When I broke it it smelled like whisky. * * * I know the contents of that bottle were intoxicating." This is positive testimony. The court did not err in his refusal to instruct the jury as desired by appellant.

The motion for rehearing is overruled.

*Overruled.*